UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRANDON MCNAIR,

                                                Plaintiff,

          -against-

COUNTY OF ONEIDA; COUNTY OF ALBANY;
ROBERT MACIOL, SHERIFF OF ONEIDA
COUNTY; MARK KINDERMAN, ONEIDA
COUNTY CHIEF OF CORRECTIONS; CRAIG D.
APPLE, SR., SHERIFF OF ALBANY COUNTY;
SERGEANT "A." PATERNOSTER; CAPTAIN "C."
SMITH; SERGEANT "B." CHAPMAN; OFFICER
"HOLBERT"; OFFICER "SPIELMANN";
LIEUTENANT ANTHONY TORRISI; OFFICER
MERZUK HOZANOVIC; OFFICER JENNIFER
PEASE; OFFICER ALIJA CAPRA; OFFICER
ANTHONY GIAMBATTISTA; INVESTIGATOR
MILLER, ONEIDA COUNTY SHERIFF'S
DEPARTMENT; JOHN DOE ONEIDA COUNTY
SERT OFFICERS #1-20; and RICHARD ROE
ALBANY COUNTY CERT
OFFICERS #1-20,

                                                Defendants.

---

**ANSWER WITH CROSS-CLAIM
TO PLAINTIFF'S COMPLAINT**

Civil Case No.: 9:25-cv-01135
                        (AMN/MJK)

Defendants, County of Oneida, Robert Maciol, Sheriff of Oneida County, Mark Kinderman, Oneida County Chief of Corrections, Sergeant Paternoster, Captain Smith, Officer Holbert, Officer Spielmann, Officer Hozanovic, Officer Pease, Officer Capra, and Officer Giambattista, by and through their attorneys, Murphy Burns Groudine LLP, as and for their Answer with Cross-Claim to plaintiff's Complaint (Doc. No. 1), herein:

1.        Deny the allegations contained in paragraphs "1," "3," "4," "5," "6," "8," "9," "11," "21," "22," "23," "27," "28," "29," "30," "31," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "48," "49," "50," "52," "53," "54," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "76," "77," "78,"

"79," "80," "81," "82," "83," "84," "85," "86," "87," "88," "93," "94," "95," "96," "97," "98," "99," "123," "124," "125," "126," "127," "128," "129," "130," "131," "132," "134," "135," "136," "137," "138," "139," "140," "142," "143," "144," "145," "146," "147," "148," "149," "151" and "152" of plaintiff's Complaint.

2.    Deny the allegations contained in paragraphs "2," "7," "12," "13," "16," "18," "19," "24," "25," "32," "34," "47," "55," "75," "89," "90," "91," "92," "100," "102," "133," "141" and "150" of plaintiff's Complaint and refer all questions of law to the Court.

3.    Deny the allegations contained in paragraph "10" of plaintiff's Complaint, except admit that the accompanying Facebook post and photograph in paragraph "10" speak for themselves.

4.    The allegation contained in paragraph "14" requires no response.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "15," "26," "51," "104," "105," "106," "107," "108," "109," "110," "111," "112," "113," "114," "115," "116," "117," "118," "119," "120," "121" and "122" of plaintiff's Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "17," "20," "33," "101" and "103" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE FIRST CAUSE OF ACTION

7.    As to the allegations contained in paragraph "153" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "6" above as if fully set forth herein.

8.    Deny the allegations contained in paragraphs "154," "155," "156," "157" and "158" of the plaintiff's Complaint.

9.     Deny the allegations contained in paragraphs "159" and "160" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE SECOND CAUSE OF ACTION

10.     As to the allegations contained in paragraph "161" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "9" above as if fully set forth herein.

11.     Deny the allegations contained in paragraphs "162," "164" and "166" of plaintiff's Complaint and refer all questions of law to the Court.

12.     Deny the allegations contained in paragraphs "163" and "165" of the plaintiff's Complaint.

## AS TO THE THIRD CAUSE OF ACTION

13.     As to the allegations contained in paragraph "167" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "12" above as if fully set forth herein.

14.     Deny the allegations contained in paragraphs "168," "169" and "170" of the plaintiff's Complaint.

15.     Deny the allegations contained in paragraph "171" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE FOURTH CAUSE OF ACTION

16.     As to the allegations contained in paragraph "172" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "15" above as if fully set forth herein.

17.     Deny the allegations contained in paragraphs "173," "174," "175" and "176" of the plaintiff's Complaint.

18. Deny the allegations contained in paragraph "177" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE FIFTH CAUSE OF ACTION

19. As to the allegations contained in paragraph "178" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "18" above as if fully set forth herein.

20. Deny the allegations contained in paragraphs "179" and "183" of the plaintiff's Complaint and refer all questions of law to the Court.

21. Deny the allegations contained in paragraphs "180," "181" and "182" of plaintiff's Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

22. As to the allegations contained in paragraph "184" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "21" above as if fully set forth herein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "185" of plaintiff's Complaint.

24. Deny the allegations contained in paragraphs "186," "187," "188," "189" and "190" of the plaintiff's Complaint.

25. Deny the allegations contained in paragraph "191" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE SEVENTH CAUSE OF ACTION

26. As to the allegations contained in paragraph "192" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "25" above as if fully set forth herein.

27. Deny the allegations contained in paragraphs "193," "194" and "195" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE EIGHTH CAUSE OF ACTION

28. As to the allegations contained in paragraph "196" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "27" above as if fully set forth herein.

29. Deny the allegations contained in paragraphs "197," "198" and "199" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE NINTH CAUSE OF ACTION

30. As to the allegations contained in paragraph "200" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "29" above as if fully set forth herein.

31. Deny the allegations contained in paragraphs "201," "202" and "204" of the plaintiff's Complaint.

32. Deny the allegations contained in paragraphs "203" and "206" of plaintiff's Complaint and refer all questions of law to the Court.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "205" of plaintiff's Complaint and refer all questions of law to the Court.

## AS TO THE TENTH CAUSE OF ACTION

34. As to the allegations contained in paragraph "207" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "33" above as if fully set forth herein.

35.     Deny the allegations contained in paragraphs "208," "211" and "212" of plaintiff's Complaint and refer all questions of law to the Court.

36.     Deny the allegations contained in paragraphs "209" and "210" of the plaintiff's Complaint.

### AS TO THE ELEVENTH CAUSE OF ACTION

37.     As to the allegations contained in paragraph "213" of plaintiff's Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "36" above as if fully set forth herein.

38.     Deny the allegations contained in paragraphs "214," "215," "216," "219" and "220" of plaintiff's Complaint and refer all questions of law to the Court.

39.     Deny the allegations contained in paragraphs "217" and "218" of the plaintiff's Complaint.

40.     Deny each and every allegation not previously admitted or qualified.

### VIII.   PRAYER FOR RELIEF

41.     Deny plaintiff is entitled to the relief sought in the paragraph of plaintiff's Complaint beginning with the word "**WHEREFORE**," its subparagraphs (A) through (F), or to any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42.     Whatever injuries Plaintiff may have sustained were caused in whole or in part, or was contributed to, by the culpable conduct and/or want of care on the part of the Plaintiff or by someone over whom Answering Defendants have no control.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43.     The Complaint fails to that state a cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44.    Upon information and belief, Plaintiffs economic loss, if any, as specified in CPLR §4545, was replaced or indemnified in whole or in part, from collateral sources, and Answering Defendants are entitled to have the Court consider the same in determining such damages as provided in CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45.    If Answering Defendants are liable at all, Answering Defendants' liability is 50 percent or less of the total liability assigned to all persons liable.

46.    By reason threat: the liability of Answering Defendants to the Plaintiff for non-economic loss shall not exceed Answering Defendants' equitable share of liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.    Plaintiff has failed to mitigate his damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.    The injuries, damages or death alleged in the Complaint were proximately caused by an unforeseeable, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of Answering Defendants.  Answering Defendants' actions or omissions, if any, were superseded by the negligence, wrongful and/or criminal conduct of others.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49.    Plaintiff is not entitled to the relief claimed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50.    The conduct of Answering Defendants was undertaken in good faith and without malice, and therefore, is protected under the doctrines of qualified and/or absolute immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51.    The Complaint fails to adequately allege a custom, policy or practice of Answering Defendants, which they created and that caused or contributed to the deprivation of any constitutional rights set forth in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52.    The conduct of Answering Defendants, as alleged in the Complaint, was undertaken, if at all, in all respects in good faith upon the reasonable belief that such conduct was lawful.  No violation of a Constitutional right exists.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

53.    Plaintiff's Complaint fails to satisfy the pre-requisites of Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54.    Answering Defendants cannot be liable under the theory of *Respondeat Superior.*

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55.    That at those times mentioned and described in the Complaint, Answering Defendants were governmental officials performing discretionary functions and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known and that by reason thereof is qualified immune from liability in this action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56.    Answering Defendants affirmatively plead that they are not liable to Plaintiff for any attorneys' fees and costs in this action and therefore this relief must be stricken.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

57.    Plaintiff's Complaint must be dismissed because the actions complained of by Plaintiff fail, as Answering Defendants' actions are privileged and justified.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

58.     The Complaint against Answering Defendants fails due to lack of direct involvement, no failure to remedy exists, no creation or continuation of a policy exists, no gross negligence exists, and no deliberate indifference exists.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

59.     Plaintiff lacks standing.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

60.     Answering Defendants have not violated any rights, privileges or immunities of Plaintiff.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

61.     Plaintiff's claims are barred by the statute of limitations.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

62.     Plaintiff has unclean hands, laches, waiver and estoppel.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

63.     All or part of Plaintiff's Complaint is barred by the Prison Litigation Reform Act (PLRA) as he failed to exhaust his administrative remedy.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

64.     Upon information and belief, any award for punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article 1, Section 6.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

65.     Upon information and belief, any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause

of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article 1, Section 6.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

66.     Upon information and belief, any award for punitive damages would be in denial of Answering Defendants' right to equal protection of the laws and guaranteed by the Fourteenth Amendment to the United States Constitution and the New York State Constitution, as the absence of adequate and objective standards for the assessment of punitive damages fails to ensure the equality of treatment between similarly situated civil defendants and equality of treatment between criminal defendants and civil defendants.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

67.     Upon information and belief, any award of punitive damages would violate Answering Defendants' Due Process Rights embraced by the Fifth and Fourteenth Amendments to the United States Constitution and the New York Constitution, as a punitive damage award would constitute a deprivation of property without due process of law.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

68.     Upon information and belief, Plaintiff is not entitled to recover punitive damages demanded in the Plaintiff's Complaint as the awarding of same would be in violation of Answering Defendants' rights under the constitution of the United States of America and under the Constitution of New York, and more particularly, but not exclusively, in violation of these Defendants' right to substantive and procedural due process.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69.     Upon information and belief, Plaintiff's claims for damages violate the Eighth Amendment's guarantee that excessive fines shall not be imposed.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70.    Plaintiff's demand for the recovery of punitive damages of the individual Answering Defendants in their official capacity fail to state a claim or cause of action pursuant to City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

71.    Plaintiff's demand for the recovery of punitive damages from Answering Defendants in their individual capacity fail to allege facts sufficient to state a claim or cause of action.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

72.    The Prison Litigation Reform Act §1997e limits any attorney's fees owed to Plaintiff and requires payment of whole or part of that fee from any judgment.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

73.    The Complaint is without merit and should be dismissed as no Monell claim exists as no unconstitutional policy exists, no official action by a policy making official exists, no custom or practice/policy exists, no failure to train exists, and no deliberate indifference exists.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

74.    Answering Defendants' actions respecting the subject matters alleged in the Complaint were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and upon information and belief, constitute lawful, proper and justified means to further their sole purpose of engaging in and continuing businesses by reasons thereof, and Plaintiff is barred, in whole or in part, from recovery on the claims alleged in the Complaint.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

75.    Plaintiff's Complaint must be dismissed because the actions complained of by Plaintiff fail as Answering Defendants' alleged actions are not actionable since privilege applies

justification exists, license applies probable cause exists, exigent circumstances exists, the plain view doctrine applies, the protective security sweep doctrine applies, Answering Defendants were properly and legally performing their lawful police duties pursuant to their authority.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

76.    Plaintiffs' (i) first claim for excessive force under §1983, as against Captain Smith, Sergeant Chapman, Officer Hozanovic, Officer Pease, and Officer Spielmann; (ii) second claim for failure to intervene under Section 1983, as against Sergeant Chapman; (iii) tenth claim under the ADA; (iv) eleventh claim under the Rehabilitation Act; (v) seventh claim for assault under New York State law; (vi) eighth claim for battery under New York State law; (vii) ninth claim for IIED under New York State law; and (viii) any claims for punitive damages against the Oneida County Defendants in their official capacities, were dismissed by the Court by Decision and Order of Hon. Anne M. Nardacci, U.S. District Judge, on June 16, 2026 (Doc No. 22).

### AS AND FOR A CROSS CLAIM AGAINST CO-DEFENDANTS COUNTY OF ALBANY, CRAIG D. APPLE, SR., LIEUTENANT ANTHONY TORRISI AND RICHARD ROE ALBANY COUNTY SERT OFFICERS #1-20

77.    If Plaintiff's injuries or damages were the result of any negligence or intentional tort, then it was due to the active, direct and primary negligence/intentional tort of the above-named Co-Defendants without any fault on the part of Answering Defendants.  Answering Defendants are entitled to judgment of full or partial indemnification and contribution from the Co-Defendants.

**WHEREFORE**, Defendants, County of Oneida, Robert Maciol, Sheriff of Oneida County, Mark Kinderman, Oneida County Chief of Corrections, Sergeant Paternoster, Captain Smith, Officer Holbert, Officer Spielmann, Officer Hozanovic, Officer Pease, Officer Capra, and Officer Giambattista, demand judgment dismissing plaintiff's Complaint, diminishing the damages otherwise recoverable in proportion to the culpable conduct of plaintiff, indemnification and/or contribution from co-defendants, together with attorney's fees, costs, and disbursements of this action, and for such other and further relief as this Court deems just and appropriate.

Dated:  June 30, 2026.

MURPHY BURNS GROUDINE LLP

By: _____
    Stephen M. Groudine, Esq.
    Bar Roll No.: 516070
    Attorneys for Defendants County of Oneida, Robert Maciol, Sheriff of Oneida County, Mark Kinderman, Oneida County Chief of Corrections, Sergeant Paternoster, Captain Smith, Officer Holbert, Officer Spielmann, Officer Hozanovic, Officer Pease, Officer Capra,  and Officer Giambattista
    407 Albany Shaker Road, Suite 201
    Loudonville, New York 12211
    Telephone: (518) 690-0096
    Email:  sgroudine@mbglawny.com

TO:    ROTH & ROTH LLP
       Attn:  Elliot Shields, Esq.
       Attorneys for Plaintiff
       192 Lexington Avenue, Suite 802
       New York, New York 10016
       Telephone: (212) 425-1020

       KAUFMAN LIEB LEBOWITZ & FRICK LLP
       Attn:   Douglas E. Lieb, Esq.
               Alyssa Isidoridy, Esq.
       Attorneys for Plaintiff
       18 E. 48th Street, Suite 802
       New York, New York 10017
       Telephone: (212) 660-2332

CC:    GOLDBERG SEGALLA LLP
        Attn:  Jonathan M. Bernstein, Esq.
        Attorneys for Defendants County of Albany,
        Craig D. Apple, Sr., and Lieutenant Anthony Torrisi
        8 Southwoods Blvd., Ste. 300
        Albany, New York 12211
        Telephone: (518) 463-5400

        MONACO COOPER LAMME & CARR, PLLC
        Attn:  Norah M. Murphy, Esq.
        Attorneys for Defendants Sergeant Michael Bonacci,
        Sergeant Joseph Kelly Jr., Officer Josiah Haley,
        Officer Thuan Ton, Officer Brandon Legault,
        Officer Thomas Pleat, Officer Craig Gibbons,
        Officer Leon Poulin, Officer Jarred Jaroz,
        Officer A. Wright, Officer Steven Almindo,
        Officer Ryan Bartlett, Officer Vincent Livreri,
        and Officer Samer Mohamed Ali
        1881 Western Avenue, Suite 200
        Albany, New York 12203
        Telephone: (518) 855-3535
        Email:  nmurphy@mclclaw.com